<u>**SETTLEMENT AGREEMENT**</u>

**THIS AGREEMENT** is entered into by and between Erin Dickinson ("Dickinson"), and the University of North Carolina, the University of North Carolina School of the Arts ("UNCSA"), Franco Colavecchia, Joseph Tilford, Howard Jones, and Vicki Davis ("Defendants");

**WHEREAS,** Dickinson is a former graduate student at UNCSA in the School of Design and Production;

**WHEREAS,** Dickinson filed a lawsuit against Defendants, captioned *Erin Dickinson v. University of North Carolina, University of North Carolina School of the Arts, and Franco Colavecchia, Joseph Tilford, Howard Jones, and Vicki Davis,* in Forsyth County Superior Court, No. 14-CVS-1956, which was removed to the United States District Court for the Middle District of North Carolina, No. 1:14CV412 (hereinafter the "Civil Action");

**WHEREAS,** UNCSA and its employees and agents deny any liability as alleged in the Civil Action;

**WHEREAS,** Dickinson and UNCSA and its employees and agents desire to resolve their dispute on mutually agreeable terms;

**WHEREAS,** this written agreement signed by the parties is to memorialize the terms of the Settlement Agreement (Agreement) reached by the parties at the Settlement Conference, held on June 16, 2016, in Winston-Salem, North Carolina, before the Honorable Joi Elizabeth Peake, United States Magistrate Judge, who conducted the conference;

**WHEREAS,** this written agreement includes all the terms set forth in open court which are reflected in the attached transcript, that represented the full and final settlement of all claims against all parties and a dismissal with prejudice;

**WHEREAS,** the Agreement does not include or address this issue, UNCSA has agreed that the I/F received by Dickinson for Course 653-01 in the spring 2009 term will not be calculated into her Grade Point Average;

**WHEREAS,** all terms of the Agreement must be met by June 30, 2016;

**WHEREAS,** because of the Agreement reached by the parties and approved by the court, the case was closed out on the docket as being resolved through settlement between the parties;

**WHEREAS,** this written and fully executed agreement will be filed after execution;

**NOW, THEREFORE,** in consideration of the mutual covenants contained herein, Dickinson and Defendants hereby agree to the following terms of settlement in full satisfaction of all claims or potential claims which have been, or could be, asserted by

Page 1 of 5

Dickinson against Defendants or any entities listed in Section III, below, or their officers, agents or employees:

## I.    WARRANTIES

A.    Each party warrants and represents to the other that it has been fully informed and has full knowledge of the terms, conditions and effects of this Agreement.

B.    Each party warrants and represents to the other that no promise or inducement has been offered or made except as herein set forth, and that this Agreement is executed without reliance upon any statement or representation by any other party or its agent.

C.    Each party warrants and represents to the other that they have been advised to consult with legal counsel prior to executing this Agreement.

## II.    OBLIGATIONS

A.    This Agreement has been approved by the Attorney General and upon execution of this agreement by the parties, Dickinson will:

1.    File a stipulation of dismissal with prejudice of the Civil Action;

2.    Agree to the terms of the releases and assurances in Section III of this Agreement;

B.    Upon receipt of the filed stipulation of dismissal with prejudice of the Civil Action, UNCSA will:

1.    Allow for Dickinson to be readmitted to the program at the University of North Carolina School of the Arts for the Fall of 2016;

2.    Agree that all of Dickinson's prior probation would be removed as an accommodation by UNCSA;

3.    Agree to give Dickinson the opportunity to complete her thesis within one year, which would begin the Fall of 2016 through the end of the Spring of 2017;

4.    Agree to waive the requirement that Dickinson complete her thesis within five years of enrolling, so that she would have the opportunity through the end of Spring of 2017 to complete her thesis;

5.    Agree that the committee for Dickinson's thesis would be made up of three faculty members, two from the School of Design and Production who were not at the UNC School of the Arts at the time of Dickinson's prior enrollment.  One of the three would be from another

Page 2 of 5

of the UNC School of the Arts schools. Dickinson would have the opportunity to first solicit either Professor Pam Knourek or Professor Michael Meyer to serve on the committee if they are willing and available to do so; but if either of them is not available, then the faculty members will be as described;

6. Agree that the terms include adherence to the current bulletin for completion of the degree, including with respect to any appeals or other requirements, and that milestones, presentations, presence in Winston-Salem, and any other matters would be as normally required for a Master of Fine Arts completion and defense;

7. Agree that there is no requirement that Dickinson reside in Winston-Salem in order to complete that program and any other obligations would be in consultation with the committee, but she would be required to be in Winston-Salem to defend her thesis in person ultimately;

8. Agree that there would be no additional classwork required for her Master of Fine Arts;

9. Agree to convert an "Incomplete" in Dickinson's 899 graduate thesis class upon completion of the Master of Fine Arts, so that the "Incomplete" for the two credit hours would be converted into whatever grade Dickinson received for completion of the thesis;

10. Agree to give Dickinson a $5,000 scholarship for the four additional hours for her thesis course, which would be required in order to have the six total hours for her thesis;

11. Agree to disburse $35,000 in attorney's fees to Dickinson's counsel's law firm of Tin, Fulton, Walker & Owen, PLLC; and

12. Agree that Dickinson will have the opportunity to present to the committee the steps she has already taken toward her thesis, including a prior lecture during the Intensive Arts on Masonic backdrops and her prior activity of taking students to a Masonic blue lodge in Asheville for a historical tour. Those would be then specifically included and available for Dickinson to present to the committee as part of Dickinson's thesis or prior thesis work.

## III.  RELEASES AND ASSURANCES

Dickinson hereby unconditionally releases, acquits and forever discharges the State of North Carolina, UNCSA, the Board of Governors of The University of North Carolina, and all current and former trustees, officers, agents and employees of the above-named entities (in both their official and individual capacities), and all successors of the above-named entities from all claims, actions, causes of action, demands, rights, damages, costs, sums of money, accounts, covenants, contracts,

promises, attorney fees and all liabilities of any kind or nature whatsoever at law, in equity, or otherwise, which Dickinson ever had, now has, or may have through the date of this agreement for all events and occurrences related to her enrollment with UNCSA.

## IV.   COMPROMISE OF DISPUTED CLAIMS

Each party understands and agrees that this settlement is in compromise of doubtful and disputed claims; that no covenant herein is to be construed as an admission of liability on the part of any party hereby released; that each party hereby released denies any liability for such claims; and that each party intends merely to resolve the disputed claims between them without further litigation.

## V.   EFFECT OF AGREEMENT

A.   This Agreement shall be binding upon and inure to the benefit of the parties of their agents, officers, employees, successors, assigns, heirs, executors, and administrators.

B.   This Agreement constitutes the entire Agreement between the parties and supersedes previous discussions or agreements that the parties may have had or made regarding the settlement of their disputes.

## VI.   SEVERABILITY

If any of the provisions of the Agreement are determined to be invalid or unenforceable, that provision so determined shall be severable from the other provisions of the Agreement, and the Agreement shall be construed and enforced as if such invalid or unenforceable provision had not been included herein.

## VII.   GOVERNING LAW AND FORUM SELECTION

It is agreed, between the parties, that this Agreement shall be governed by, construed and enforced in accordance with laws of the State of North Carolina and that the place of this contract, its situs and forum shall be Forsyth County, North Carolina, where all matters relating to the validity, construction, interpretation, and enforcement shall be determined.

Case 1:14-cv-00412-TDS-JEP   Document 77   Filed 06/27/16   Page 4 of 23

## VIII. SIGNATURES AND EXECUTION

The parties agree that facsimile and electronic signatures shall be treated as original signatures. The Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same Agreement.

I have read, understand and agree with the terms and conditions stated in this Agreement, and by my signature I acknowledge my agreement and my opportunity to have consulted with counsel of my own choosing, and that in signing this agreement I intend to be legally bound by it.

**EXECUTED AND AGREED UPON AS FOLLOWS:**

University of North Carolina School of the Arts
by:

_Erin E. Dickinson  06/24/16_         _____

Erin Dickinson      (Date)                             (Date)

Page 5 of 5

## VIII. SIGNATURES AND EXECUTION

The parties agree that facsimile and electronic signatures shall be treated as original signatures. The Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same Agreement.

I have read, understand and agree with the terms and conditions stated in this Agreement, and by my signature I acknowledge my agreement and my opportunity to have consulted with counsel of my own choosing, and that in signing this agreement I intend to be legally bound by it.

## EXECUTED AND AGREED UPON AS FOLLOWS:

University of North Carolina School of the Arts
by:

_____          _____
Erin Dickinson          (Date)          Chancellor          (Date)

Page 5 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ERIN DICKINSON,              *  Case No. 1:14CV412
                             *
            Plaintiff,       *
                             *
vs.                          *  Winston-Salem, North Carolina
                             *  June 16, 2016
UNIVERSITY OF NORTH CAROLINA, *
ET AL.,                      *
                             *
            Defendants.      *
*****************************

**EXPEDITED TRANSCRIPT OF SETTLEMENT CONFERENCE**
BEFORE THE HONORABLE JOI ELIZABETH PEAKE
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          STEPHEN LUKE LARGESS, ESQUIRE
                            Tin Fulton Walker & Owen, PLLC
                            301 E. Park Avenue
                            Charlotte, North Carolina 28203

For the Defendants:         CATHERINE F. JORDAN, ESQUIRE
                            North Carolina Department of Justice
                            Post Office Box 629
                            Raleigh, North Carolina 27602-0629

                            ANN W. MATTHEWS, ESQUIRE
                            North Carolina Department of Justice
                            Office of the Attorney General
                            9001 Mail Service Center
                            Raleigh, North Carolina 27699

Court Reporter:             Lori Russell, RMR, CRR
                            P.O. Box 20593
                            Winston-Salem, North Carolina 27120


Proceedings recorded by stenotype reporter.
Transcript produced by Computer-Aided Transcription.

1          **P R O C E E D I N G S**

2          **THE COURT:**  All right.  I'm going to ask the clerk to

3    call the case on the calendar for this afternoon, if you will.

4          **LAW CLERK:**  The Court calls case number 14CV412, Erin

5    Dickinson versus University of North Carolina, et al., for a

6    settlement conference.

7          **THE COURT:**  All right.  What I'm going to ask you all

8    to do first is if you would just announce your representations

9    for the record and we'll get started here.

10         Yes, sir.

11         **MR. LARGESS:**  Good morning, Your Honor.  Luke Largess

12   on behalf of Ms. Dickinson, the plaintiff, and she is here with

13   me.

14         **THE COURT:**  All right.  Thank you.

15         Yes, ma'am.

16         **MS. JORDAN:**  Good afternoon, Your Honor.  My name is

17   Cathy Jordan.  I'm here from the Attorney General's office and

18   I'm here on behalf of the University and the University of

19   North Carolina School of the Arts and the four individually and

20   officially named defendants.

21         **THE COURT:**  All right.  And who do you have here with

22   you then?

23         **MS. MATTHEWS:**  Good afternoon, Your Honor.  Ann

24   Matthews from the Attorney General's office representing the

25   same defendants that Ms. Jordan is representing.

1    **THE COURT:**  All right.  And you have all the parties

2 here or who all is here?

3    **MS. MATTHEWS:**  Your Honor, we have three

4 representatives from the School of the Arts here.  We -- the

5 individually named defendants are not here and we would move to

6 allow their excused absence.  They were not aware that they

7 needed to be here.  We do have one defendant that is out of

8 jurisdiction in --

9    **MS. JORDAN:**  Rhode Island.

10    **MS. MATTHEWS:**  -- Rhode Island and has health issues.

11    **THE COURT:**  Did you get -- I know this was reassigned

12 to me for settlement conference.  Was there prior approval for

13 the individual defendants not to attend?

14    **MS. MATTHEWS:**  There was not.

15    **THE COURT:**  As far as I'm aware, the notice from the

16 clerk should have provided notice that all the parties and

17 counsel needed to attend.  Did you get that notice?

18    **MS. JORDAN:**  I apologize.  We did receive the amended

19 notice and we had believed since we had authority to represent

20 those individually named defendants that they would be covered

21 under the state insurance policy and the University and its

22 insurance would be covering any claims.  It was not my

23 understanding that the individually named ones needed to be

24 here.

25    **THE COURT:**  Well, they do under the rules of the court

1  and the notice.  I can tell you there are two ways to proceed

2  today.  We could either reset the case and allow the plaintiff

3  to request fees for being here today and then require all the

4  individual parties to be here on a reset date or we can proceed

5  today if plaintiff wants to do that, see where we stand.  Then

6  if we need to reconvene because there's some impediment because

7  the individual defendants aren't here, then I would take up the

8  plaintiff's request at that time.

9       So, Mr. Largess, you're here today.  Obviously, it's the

10  Court's rule and expectation that all the parties would be

11  here.  I'm going to ask you how you want to proceed.

12           **MR. LARGESS:**  I'd prefer to try to proceed today, Your

13  Honor.  Ms. Dickinson traveled here from Pennsylvania, so it's

14  a burden to her to reset and come back.  She has a

15  nine-month-old child.  So I think if we could just see where we

16  get today I think that would be our preference.

17           **THE COURT:**  All right.  Well, then let me ask you --

18  and, Ms. Jordan and Ms. Matthews, between the two of you is

19  someone handling this that I should direct --

20           **MS. MATTHEWS:**  Ms. Jordan.

21           **MS. JORDAN:**  Me.

22           **THE COURT:**  All right.  So, Ms. Jordan, at this point

23  do you have the ability at least to communicate with the

24  individual defendants and full settlement authority for them,

25  as well as for the corporate or the University defendants?

1          **MS. JORDAN:**  Yes, Your Honor.

2          **THE COURT:**  All right.  So are you at least

3   representing to the Court at this point that you can proceed

4   today with the ability to officiate in any settlement capacity

5   for purposes of all the defendants?

6          **MS. JORDAN:**  Yes, Your Honor.

7          **THE COURT:**  All right.  For future reference, you need

8   to bring all of the parties to the settlement conference.

9          **MS. JORDAN:**  Yes, Your Honor.

10          **THE COURT:**  If there is some impediment we reach

11   because of the fact that they're not here, then I will

12   entertain any request by the plaintiff to reset this and

13   require all the individuals to be here; and if it is as a

14   result of the fact that those individuals aren't here, I would

15   entertain their request for travel expenses to return for

16   plaintiff's costs.  But given that their request is to proceed

17   and we're all here today, I'll go ahead and see where we can

18   get for purposes of settlement conference and we'll proceed at

19   this point.  Do you understand where we are?

20          **MS. JORDAN:**  Thank you, Your Honor.

21          **THE COURT:**  All right.  So at this point then let me

22   just outline for you generally how I would intend to proceed

23   for settlement conference purposes.  At this point the matter

24   is on for settlement conference today.  It's on, as I

25   understand it, for a bench trial on the July trial calendar.

1       Is that right, Mr. Largess?

2               **MR. LARGESS:**  Yes, Your Honor, the 11th.

3               **THE COURT:**  On the 11th.  All right.  I believe that,

4    as far as I'm aware and understand, the bench trial is before

5    Judge Tilley.  The summary judgment motions are pending I

6    believe with Judge Schroeder.  None of that is before me.  So

7    we'll have these proceedings here today and I'll give you

8    whatever thoughts I might have and we can have those

9    interactions.  None of that, though, is going to be directly

10   relevant to anything that's actually pending with the court

11   because those matters are either with Judge Schroeder or will

12   be with Judge Tilley.

13       Now, I say that.  It is always possible that the district

14   judges may refer something to me at some point for a

15   recommendation, so you shouldn't say anything to me that would

16   then prejudice something if, for instance, something were

17   referred to me later in the case.  But at this point there's

18   nothing that's referred to me, and I'm proceeding with you all

19   here today just for settlement purposes and to be able to have

20   more of an informal conversation and discussion about that.

21       As far as how we'll proceed, what I would usually intend to

22   do is, of course, start out here on the record in the

23   courtroom.  I'll give you a chance -- if there's anything we

24   need to take up and put on the record, then we can do that.

25   We'll then recess or adjourn court.  The court reporter will

1   stay here in the courtroom.

2       We have conference rooms set up.  What I would first intend

3   to do is have everyone together all in a conference room and

4   let each of you just generally present to me your case -- your

5   side of the case.  I have read the position statements that you

6   had originally presented for Judge Tilley.  I have also

7   reviewed the summary judgment briefing and some of the

8   attachments.  So I have some familiarity, but it's helpful to

9   me and I think to the process to let each of you just take

10  whatever amount of time you need to generally present for

11  plaintiff what the claims are, what the case is about and then

12  for defendants' side what your defenses will be or what your

13  different perspective would be on the case.

14      At that point, once we've had a chance to do that, I'll ask

15  you just generally where we are in terms of the status of

16  settlement and things as far as proceeding today.  Then I've

17  got extra conference rooms where I can separate you out; and,

18  unless there's any objection to this, I would have the

19  opportunity to meet with each of you individually, speak to you

20  about your case, where things stand, what settlement

21  possibilities might look like for today.  I can also, unless

22  there's any objections, speak specifically just to the

23  attorneys, if that would be of any benefit or help.

24      And then what I would intend to do at some point is

25  withdraw myself from the process some and let the attorneys

1  discuss things directly with one another. I'm happy to be part

2  of the process, but I think it's sometimes helpful to let you

3  all discuss things directly and see if you can make some

4  progress that way without an intermediary. And then if at any

5  point it would be helpful to pull everybody back together in

6  the same conference room, then we'll pull everybody back

7  together in the same conference room and I can speak to all of

8  you directly.

9      If we reach a settlement today -- certainly we've got more

10  opportunities for creative resolution today, and so that's

11  something I would be interested in looking at and talking about

12  with each of you. If there's not a resolution today, then it's

13  on for bench trial and all the pretrial deadlines would be

14  whatever Judge Tilley has set for that and you would need to

15  address any of that with him. If this case were before me, I

16  would probably roll this over into a pretrial conference or a

17  preliminary conference if we needed to do that, but since I

18  don't have it for trial, we're just going to do the settlement

19  conference piece today.

20      And so if it doesn't settle, we'll come back in here and

21  put on the record there was an impasse or I will let the clerk

22  know and she can note an impasse and we'll adjourn. If there

23  is a settlement, I would intend to come back in here and put it

24  on the record so that there's not any misunderstanding later,

25  so that we know it's resolved and that's part of the record

1  that we've made for today.

2      So, Mr. Largess, any objections to any of those suggestions

3  from the plaintiff?

4          **MR. LARGESS:**  None at all, Your Honor.

5          **THE COURT:**  Any objections, Ms. Jordan?

6          **MS. JORDAN:**  No, Your Honor.

7          **THE COURT:**  All right.  So what I'm going to do then

8  at this point is ask the clerk to put us in recess.  The court

9  reporter will stay here and then the clerk will direct you and

10 I'll come join you in a conference room here in the next few

11 minutes.

12     All right.  Go ahead and recess court, please.

13     (Court was at recess from 2:16 p.m. until 6 p.m.; all

14 parties present.)

15         **THE COURT:**  All right.  For the record, I want the

16 clerk to call the case again that's on the calendar this

17 afternoon.

18         **LAW CLERK:**  The Court calls case number 14CV412, Erin

19 Dickinson v. University of North Carolina, et al., for a

20 settlement conference.

21         **THE COURT:**  All right.  So we've had the settlement

22 conference this afternoon and I appreciate everybody's

23 willingness to think creatively about this.  Based on the

24 discussions, this case has resolved in a settlement.  The

25 parties have reached a full agreement that would result in

1    dismissal of all the claims in this case with prejudice.

2        I intend to go through now what the terms of the settlement

3    would be.   This would then be the settlement and the terms of

4    the settlement of the case.   It will note as a settlement on

5    the court's docket.   There would then be a subsequent

6    stipulation of dismissal with prejudice and I'll let you all

7    propose to me how you want that to occur in terms of the time

8    frame.   But let me first for the record go through the terms

9    and make sure everyone is in agreement with the terms of the

10   settlement.

11       Ms. Dickinson would be readmitted to the program at the

12   University of North Carolina School of the Arts for the fall of

13   2016.

14       All of her prior probation would be revoked because of the

15   school's accommodation and she would be given the opportunity

16   to complete her thesis within one year and that would be

17   beginning fall of 2016 through the end of the spring of 2017.

18   The school would specifically waive the requirement that she

19   have completed her thesis within 5 years of enrolling, so she

20   would have the opportunity through the end of spring of 2017 to

21   complete her thesis.

22       The committee for her thesis would be made up of three

23   faculty members, two from the School of Design and Production

24   who were not at the UNC School of the Arts at the time of

25   plaintiff's prior enrollment.   One of the three would be from

 1    another of the UNC School of the Arts schools.  Ms. Dickinson

 2    would have the opportunity to first solicit either Professor

 3    Pam Knourek, that's K-n-o-u-r-e-k, or Professor Michael Meyer

 4    to serve on the committee if they are willing and available to

 5    do so; but if either of them is not available, then the faculty

 6    members will be as otherwise set out in the party's agreement.

 7        The terms would include adherence to the current bulletin

 8    for completion of the degree, including with respect to any

 9    appeals or other requirements, including that milestones,

10    presentations, presence in Winston-Salem, and any other matters

11    would be as normally required for a Master of Fine Arts

12    completion and defense.

13        And we discussed that there was no requirement that

14    Ms. Dickinson reside in Winston-Salem in order to complete that

15    program and any other obligations would be in consultation with

16    the committee, but she would be required to be in Winston-Salem

17    to defend her thesis in person ultimately.

18        There would be no additional classwork required for her

19    Master of Fine Arts.

20        This would represent a full and final settlement of all

21    claims against all parties and a dismissal with prejudice.

22        In addition, the school would convert an "Incomplete" in

23    her 899 graduate thesis class upon completion of the Master of

24    Fine Arts.  So the "Incomplete" for the two credit hours would

25    be converted into whatever grade she received for completion of

1 the thesis and the school would give her $5,000 in scholarship
2 for the four additional hours for her thesis course, which
3 would be required in order to have the six total hours for her
4 thesis.

5     In addition, the defendants would disburse $35,000 in
6 attorney's fees to the plaintiff.

7     And, finally, that Ms. Dickinson would have the opportunity
8 to present to the committee the steps she's already taken
9 towards her thesis, including a prior lecture during the
10 Intensive Arts on Masonic backdrops and her prior activity
11 taking students to a Masonic blue lodge in Asheville for a
12 historical tour. So those would be then specifically included
13 and available for her to present to the committee as part of
14 her thesis or prior thesis work.

15     Those are the provisions and the terms that I have.

16     Mr. Largess, anything else you want to add to that?

17         **MR. LARGESS:** Just if we could clarify, Your Honor --

18         **THE COURT:** Yes, sir.

19         **MR. LARGESS:** -- that the payment of attorney's fees
20 would be to the law firm and not to the plaintiff.

21         **THE COURT:** All right. And so actually I had that
22 question in terms of who the disbursement needed to go to.
23 Should it go to your firm?

24         **MR. LARGESS:** That's the agreement with the trustee,
25 that if I get an order from the Court awarding fees to the

 1  firm, that that's excluded from the bankruptcy.

 2          **THE COURT:**  And it should go directly to the firm.

 3          **MR. LARGESS:**  Directly to --

 4          **THE COURT:**  And that is consistent with what the

 5  bankruptcy trustee has directed; is that correct?

 6          **MR. LARGESS:**  Right, right.

 7          **THE COURT:**  All right.  So then as far as defendants

 8  are concerned, does that answer any question you would have in

 9  terms of who the disbursement needs to be made to?

10          **MS. JORDAN:**  Yes, Your Honor.

11          **THE COURT:**  All right.  Anything else that you need to

12  add or clarify with respect to those terms?

13          **MS. MATTHEWS:**  The only other thing is that we would

14  ask that the -- it provide that the settlement agreement

15  reflecting these terms be fully executed and payment disbursed

16  to Mr. Largess by June 30th.

17          **THE COURT:**  All right.  Any reason why you all can't

18  make that happen by June 30th, Mr. Largess?

19          **MR. LARGESS:**  I mean, if it -- we just need to work

20  out the logistics of getting this transcribed and essentially

21  making it the agreement, I think, in terms of -- in terms of --

22  one thing I wasn't clear on in the conference was what you

23  anticipated beyond the judge reading the terms in terms of a

24  written agreement, whether we want to incorporate a transcript

25  or whether we want -- whether you're going to draft an

1  agreement.

2      **MS. MATTHEWS:** I would anticipate drafting an

3 agreement that would incorporate these terms that would be

4 reflected -- it would be a separate fully executed settlement

5 agreement.

6      **MR. LARGESS:** The timing is -- if you can get it --

7 it's rare when someone wants to move something quickly, so I'm

8 happy to do that.

9      **THE COURT:** All right. So then are you in agreement,

10 Mr. Largess, that the defendants will draft an agreement that

11 is consistent with, doesn't add to or otherwise change any of

12 the terms that we've gone over here today, but that otherwise

13 memorializes that so that it can be executed and then the funds

14 disbursed? And her request is that it be completed by

15 June 30th, as long as she's taking the lead on getting all of

16 that.

17      **MR. LARGESS:** I'm fine with that. I assume that's to

18 meet this fiscal year to get it off the books.

19      **MS. MATTHEWS:** Yes.

20      **MR. LARGESS:** That makes sense. So we can do that,

21 yes.

22      **THE COURT:** All right. So then the Court will adopt

23 that obligation and requirement then that the parties

24 memorialize or execute any agreement that otherwise

25 incorporates these terms and disburse the $35,000 attorney's

1  fee payment by June 30th.

2      Let me ask then does that cover all the agreements as far

3  as the defendants are concerned?

4          **MS. MATTHEWS:**  It does.  One last request that I would

5  have is if the Court would be willing to put in a request to

6  ask for an expedited transcript.  I know that -- rather than

7  having us, but the priority from the bench and if the Court

8  orders a transcript then --

9          **THE COURT:**  Well, I'll -- I'll ask the -- I think

10  probably the best way to do that is for the parties to request

11  an expedited transcript.  Let me ask the court reporter.

12      Is that correct, Ms. Russell?

13          **COURT REPORTER:**  Yes.

14          **THE COURT:**  All right.  So the -- we'll go ahead and

15  note right now that the parties are requesting -- or the

16  defendants are requesting an expedited transcript.  Is that

17  fair?

18          **MS. MATTHEWS:**  Thank you.  Yes, Your Honor.

19          **THE COURT:**  All right.  So the defendants are

20  requesting an expedited transcript.

21      Now, let me ask then for the record.  Ms. Dickinson, I've

22  gone through all of the terms and all of the provisions that

23  would apply.  You understand this would be a final settlement

24  of all the claims in this case?  So this would be the end and

25  the conclusion of the case.  Obviously, then there would be

 1  ongoing opportunity for you to complete your thesis, but this

 2  would be the conclusion and final end of the case.  You

 3  understand that?

 4          **MS. DICKINSON:**  Yes, Your Honor.

 5          **THE COURT:**  All right.  And is it your agreement to

 6  settle on those terms today?

 7          **MS. DICKINSON:**  Yes, it is.

 8          **THE COURT:**  All right.  Thank you.

 9      And then I understand, but just for the record again,

10  counsel for defendant is representing for all of the individual

11  defendants and for the school that those are the terms of the

12  agreement.  You're willing to fully and finally settle on those

13  terms?

14          **MS. JORDAN:**  Yes, Your Honor.

15          **THE COURT:**  All right.  So based on that, I will

16  approve and adopt that settlement agreement and ask the clerk

17  to note on the docket that the case resolved at the settlement

18  conference and therefore none of the remaining trial deadlines

19  would apply.

20      So, obviously, you don't have any further obligation as far

21  as the trial deadlines in this case; but you would need to then

22  comply with the provision to memorialize any of the agreement,

23  to the extent you want to do that, just incorporating the terms

24  I've gone over here, and then have that executed and the funds

25  disbursed by June 30th.

1     All right.  Does that resolve everything for today's

2  purposes for defendants?

3          **MS. MATTHEWS:**  Yes, Your Honor.

4          **MS. JORDAN:**  Yes, Your Honor.

5          **THE COURT:**  And for plaintiff?

6          **MR. LARGESS:**  We're satisfied.  Thank you, Your Honor.

7          **THE COURT:**  We'll go ahead and adjourn court.  Thank

8  you very much.

9     (Proceedings concluded at 6:10 p.m.)

10

11                    **C E R T I F I C A T E**

12     I, LORI RUSSELL, RMR, CRR, United States District Court
   Reporter for the Middle District of North Carolina, DO HEREBY
13  CERTIFY:

14     That the foregoing is a true and correct transcript of the
   proceedings had in the within-entitled action; that I reported
15  the same in stenotype to the best of my ability and thereafter
   reduced same to typewriting through the use of Computer-Aided
16  Transcription.

17

18  *Lori Russell*

19  Lori Russell, RMR, CRR          Date:   6/17/16
   Official Court Reporter
20

21

22

23

24

25